

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE, AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA

07 CIV 9568

07 CV_____

**COMPLAINT**



                                    Plaintiffs,

            -against-

ACTIVE GLASS CORP.,

                                    Defendant.
-------------------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

## NATURE OF THE CASE

1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Active Glass Corp. ("Employer").

## JURISDICTION

2.    This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.    Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.    Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.    At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.    The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.    Upon information and belief defendant Active Glass Corp. is a domestic corporation incorporated under laws of the State of New York with a principal place of business

located at 4305 Third Avenue, Bronx, NY 10457.

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.    Defendant, Active Glass Corp., was bound at all relevant times by a collective

bargaining agreement with the Union, which, by its terms, became effective July 1, 1996.  Said

Agreement provides, inter alia, that the defendant shall furnish its books and payroll records

when requested by the Benefit Funds for the purpose of conducting an audit to ensure

compliance with required benefit fund contributions and for the submission of disputes to final,

binding arbitration.

10.    A dispute arose during the period of the Agreement between the parties when the

Employer failed to comply with the Benefit Funds' demands to furnish its books and records for

the purpose of conducting an audit.

11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to

arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and

rendered his award, in writing, dated September 21, 2007 determining said dispute.  Upon

information and belief, a copy of the award was delivered to the defendant (A copy of the award

is annexed hereto as Exhibit "A" and made part hereof).

13.    The arbitrator found that Active Glass Corp. had failed to comply with the

Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs

with any and all books and records, for the period of March 24, 2005 through September 21,

2007 including but not limited to, the cash disbursement section of the cash book, general ledger,

job location records, daily time records and all certified payrolls.

14.    The arbitrator also found that Active Glass Corp. was required to pay the funds a

sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.    The defendant, Active Glass Corp. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    For an order confirming the arbitration award in all respects;

2.    For entry of judgment in favor of the Plaintiffs ordering Active Glass Corp. and

its officers to make available to the Plaintiffs or authorized representatives any and all books and

records deemed necessary to conduct an audit including, but not limited to, the cash

disbursement section of the cash book, general ledger, job location records, daily time records

and all certified payrolls for the period March 24, 2005 through September 21, 2007.

3.    For entry of judgment in favor of the Benefit Funds and against Active Glass

Corp. ordering Active Glass Corp. to pay the Benefit Funds a total sum of $2,350.00 pursuant to

the arbitrator's award.

4.    For attorneys' fees and costs of this action;

5.    For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
         October 24, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

# EXHIBIT A

ORIGINAL

OFFICE OF THE IMPARTIAL ARBITRATOR
-------------------------------------------X
In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
                And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

                    (Petitioners)
     -and-

ACTIVE GLASS CORP.
           (Employer)
-------------------------------------------X
BEFORE:  Robert Herzog, Esq.

                                 DEFAULT

                                 AWARD

                         10168

    Active Glass Corp. (hereinafter referred to as the "Employer")

and the District Council of New York City and Vicinity of the United

Brotherhood of Carpenters and Joiners of America, are parties to a

Collective Bargaining Agreements, dated July 01, 1996 and

thereafter, providing for arbitration of disputes before the

undersigned Arbitrator as Impartial Arbitrator, and in which the

Employer has therein agreed, for the duration of the agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a August 7, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of March 24, 2005 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated August 24, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for September 12, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was left with the Employer on August 28, 2007 at 3:00 pm. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed and so marked the envelope on September 15, 2007. The Employer is deemed to have received the Notice of Hearing

2

based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On September 12, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses. The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the March 24, 2005 to date period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.

3

- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Active Glass Corp. is in violation of the terms of the Collective Bargaining Agreements;

2. Active Glass Corp. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of March 24, 2005 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. Active Glass Corp. shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

4

```
            Court Costs            $  350.00
            Attorney's Fee          1,500.00
            Arbitrator's Fee          500.00

            TOTAL                 $2,350.00
```

4. Active Glass Corp. shall pay to the District Council Carpenters

   Benefit Funds the aggregate amount of two thousand three

   hundred fifty dollars ($2,350.00) with interest to accrue at

   the rate of 10% from the date of this Award.


Dated: September 21, 2007           _____
                                    Robert Herzog
                                    Arbitrator


State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

                                    _____
                                    Robert Herzog
Dated: September 21, 2007           Arbitrator


To:  Active Glass Corp.
     Attn: Mr. Harvey Soffen, President
     4305 Third Avenue
     Bronx, New York 10457

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014


                              5